ELIZA JANE PARKINSON, SPECIAL GUARDIAN, ETC., v. GEORGE H. JACOBSON AND OTHERS.

*Claims against a deceased person — when an application to sell land to pay them, must be made — chap. 211 of 1873.*

In 1866 one Rinchy, an inhabitant of the city of New York, died in Mexico, leaving a widow and an infant son. In 1868 the interest of the infant in certain land inherited from his father was sold, under the direction of the court, and a mortgage for a portion of the purchase-money was given to the special guardian of the infant, upon the foreclosure of which in this action, in 1878, the premises were purchased by one Doughty. The latter refused to complete his purchase, on the ground that a claim still existed unpaid against the estate of the said Rinchy, and that no letters of administration had even been issued thereon.

*Held,* that he was properly compelled to complete his purchase, as the time mentioned in chapter 211 of 1873, within which an application for the sale of land for the payment of debts must be made, had elapsed, and by reason of the restrictions contained in said act, the land could not be sold to pay the claim.

APPEAL from an order made at Special Term requiring the appellant, John Doughty, to complete his purchase of certain premises sold under a decree of foreclosure entered in this action.

The action was brought in 1878 to foreclose a mortgage of $2,900 executed in 1868 by one Jacobson and wife, to the special guardian of one George W. W. Rinchy, an infant, upon the sale to said Jacobson of certain real estate belonging to the said infant.

*W. T. B. Milliken,* for the plaintiff, respondent.

*Wenberg & Reilly,* for John Doughty purchaser, appellant.

BARNARD, P. J. :

The papers upon this appeal show that George Rinchy owned the premises in question in 1866. That he died at Matamoras, Mexico, on the 20th July, 1866, leaving a widow and an infant son. In May, 1868, application was made to this court for leave to sell the land of the infant. Leave was granted, and the premises were sold to G. H. M. Jacobson and wife for $4,500. The mortgage under which this sale was made was taken back by the special guardian of the infant, as part of the purchase-money of the sale so authorized by the Supreme Court. The purchaser at the mortgage sale objects to the title, which objection is based upon an affidavit of one E. J. Dundas, that he held a claim against the deceased George Rinchy, and that no letters testamentary or of administration have ever been issued upon the estate. I do not think this objection sufficient to justify relieving the purchaser from his bid.

George Rinchy was an inhabitant of the city of New York at the time of his death. The surrogate of New York has therefore jurisdiction to issue letters testamentary or of administration.

By chapter 211 of Laws of 1873, it is provided that no real estate of a deceased person, the title to which shall have passed out of any heir or devisee by conveyance or otherwise to a purchaser in good faith, and for value, shall be sold to pay debts, unless letters testamentary or of administration shall have been applied for within four years after his death, nor unless application for such sale shall be made to the surrogate within three years after the granting of such letters. Jacobson was a purchaser in good faith and for value, and no letters testamentary or of administration have ever been issued.

The order should be affirmed, with costs and disbursements.

DYKMAN, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order affirmed, with costs and disbursements.